UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D1, ROSHANA BRIDGES,

    Defendant.

Case No. 18-cr-20151-1
Hon. Matthew F. Leitman

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 519)**

Defendant Roshana Bridges was convicted of wire fraud conspiracy. The Court sentenced Bridges to 71 months in custody, to be served concurrently with a sentence she was serving in a State of Ohio prison. Bridges has now moved for compassionate release pursuant to 18 U.S.C. 3582(c). (*See* Mot., ECF No. 519.) For the reasons explained below, the motion is **DENIED**.

**I**

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

1

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). Section 3553(a) "blankets a vast terrain of sentencing factors," including "the nature and circumstances of a defendant's offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense or provide just punishment." *United States v. Eggleston*, 2021 WL 6101397, at *2 (6th Cir. Dec. 21,

2

2021) (citing *United States v. Jones* 980 F.3d 1098, 1114 (6th Cir. 2020) and 18 U.S.C. § 3553(a)) (internal quotations omitted).

## II

The Court proceeds directly to the § 3553(a) factors and denies relief because those factors weigh heavily against Bridges' release. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (finding that a district court may "permissibly assume[] for the sake of argument that extraordinary and compelling circumstances exist[] without reference to the policy statement § 1B1.13" and proceed to weigh the § 3553(a) factors). The Court carefully considered the same § 3553(a) factors when Bridges was originally sentenced and determined, based on those factors, that the appropriate sentence for Bridges' offense was 71 months. This initial assessment of the § 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). In this case, the Court remains convinced that the § 3553(a) factors weigh against early release, and Bridges has not pointed to any changes that have occurred since her sentencing that persuade the Court to alter its analysis of the factors.

Several § 3553(a) factors weigh heavily against early release. First and foremost, the serious nature and circumstances of Bridges' offense counsel strongly against compassionate release. Bridges participated in a long-term fraud scheme

that caused a substantial loss. Second, the need for deterrence weighs against release. Through several recent cases over which the Court has presided, the Court has become aware that the fraud scheme in which Bridges engaged has become popular. Releasing Bridges early would undermine the much-needed deterrent value of her sentence. Finally, releasing Bridges early would result in insufficient punishment for Bridges and would undermine respect for the law. The Court has also carefully considered the other § 3553(a) factors and determined that none of them overcome the aforementioned factors weighing heavily against early release.

For all of these reasons, Bridges' motion for compassionate release (ECF No. 519) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126